UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LOUIS JAMES** : | **DOCKET NO. 2:18-cv-0638** |
| **REG. # 14248-026** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Louis James. James is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.
BACKGROUND

Following a jury trial, James was convicted in the United States District Court for the Central District of Illinois of (1) possession with intent to distribute narcotics, a violation of 21 U.S.C. § 841(a); (2) possession of a firearm in furtherance of a drug-trafficking crime, a violation 18 U.S.C. § 924(c); and (3) unlawful possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g). *United States v. James*, No. 04-cr-20025, doc. 41 (C.D. Ill. Feb. 14, 2005). He was sentenced to terms of imprisonment totaling 360 months: 300 months on Count 1, 60 months

on Count 2, and 120 months on Count 3, with the terms imposed for Counts 1 and 3 to run concurrently to each other and the term imposed for Count 2 to run consecutively to those sentences. *Id.* at doc. 54; *see* unnumbered Docket Entry at February 9, 2005. James filed a Notice of Appeal to the United States Seventh Circuit Court of Appeal, and that court affirmed his conviction and sentence on September 22, 2006.[1] *Id.* at docs. 55, 69. James filed a pro se "Motion Urging Remand," which the Seventh Circuit construed as a petition for rehearing and denied. *United States v. James*, 555 F.3d 563 (7th Cir. 2009). The United States Supreme Court denied his petition for writ of certiorari on April 20, 2009. *James v. United States*, 129 S.Ct. 2035 (2009).

In this time James also began seeking relief in Central District of Illinois under 28 U.S.C. § 2255. He filed a motion to vacate on December 26, 2007, claiming ineffective assistance of counsel. *James v. United States*, No. 2:07-cv-2247, docs. 1, 3 (C.D. Ill. Aug. 18, 2008). The court found no merit to this claim and denied the motion. *Id.* at docs. 13, 14. James filed a "Motion to Vacate Unconstitutional Conviction" on or about November 12, 2009, but withdrew the motion shortly thereafter, once the court announced that it would be construed under § 2255. *James v. United States*, No. 2:09-cv-2272 (C.D. Ill. Dec. 10, 2009). Finally, James filed a third motion to vacate on or about November 21, 2011. *James v. United States*, No. 2:11-cv-2279 (C.D. Ill. Nov. 21, 2011). That motion was denied for lack of jurisdiction by judgment entered the following day, based on James's failure to obtain authorization from the Seventh Circuit for the filing of a successive § 2255 motion. *Id.* at docs. 3, 4. James sought post-judgment relief in 2013, and the court likewise denied the post-judgment motion for lack of jurisdiction. *Id.* at docs. 5, 9.

James now brings the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. He claims that he is actually innocent of the drug possession conviction, based on the Supreme

---

[1] The Seventh Circuit's mandate was recalled, and the 2006 judgment order vacated and reissued, on September 5, 2008. *Id.* at docs. 71, 74.

Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), as made retroactively applicable in *Welch v. United States*, 136 S.Ct. 1257 (2016). Doc. 1, att. 1.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here James collaterally attacks his conviction, arguing that he has been convicted of a nonexistent offense or that the evidence was insufficient to support his conviction. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, James must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

James was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). If an offender convicted under that statute has three or more prior convictions for a serious drug offense or a violent felony, then, under the Armed Career Criminal Act ("ACCA"), he is subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e). This same mandatory minimum applied at the time of James's sentencing. In *Johnson*, supra, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(e), through which courts determined whether a prior conviction was a violent felony, as unconstitutionally vague. *Johnson* was not decided until after James's first § 2255 motion was denied, and he invokes it here as a basis for relief. James's claims, however, relate to his narcotics conviction rather than his firearm possession conviction, and to the elements of that offense rather than any argument based on career offender enhancements. Furthermore, he was only sentenced to a 120 month term of imprisonment on Count 3. Accordingly, it does not appear that the ACCA enhancement was applied in his case.

While it appears that a career offender enhancement was applied to his sentence under United States Sentencing Guidelines § 4B1.1, *see James*, 555 F.3d at 563, the Supreme Court has already determined that the Sentencing Guidelines are not subject to vagueness challenges, which would foreclose any *Johnson*-based claim against the sentencing enhancement. *See Beckles v. United States*, 137 S.Ct. 886 (2017); *see also United States v. Godoy*, __ F.3d ___, 2018 WL 2207909, *5–*6 (5th Cir. May 14, 2018) (*Beckles* holding not abrogated by Court's recent decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), invalidating 18 U.S.C. § 16(b) under *Johnson*, even when § 16(b) is used by the Guidelines for definitional purposes). The numerous Seventh Circuit decisions cited by James also do not point to any underlying Supreme Court case, unavailable at the time of his first § 2255 motion, which shows that he was convicted of a nonexistent offense.

Additionally, James might argue that he is entitled to relief based on his conviction under 18 U.S.C. § 924(c) and *Johnson*'s potential impact on the definition of "crime of violence" at § 924(c)(3)(B), because the wording of that section is materially identical to the clause deemed unconstitutional in *Dimaya*, supra. However, this conviction still does not provide a potential claim for relief. James's § 924(c) conviction did not relate to use of a firearm in a crime of violence, but instead during a drug trafficking crime, as defined at § 924(c)(2). There is no plausible vagueness challenge to that definition under *Johnson* and its progeny.

Finally, James make brief reference to *Descamps v. United States*, 133 S.Ct. 2276 (2013), in which the Court held that sentencing courts could not use the modified categorical approach to determine whether a defendant's prior conviction qualified as a predicate offense under the ACCA. *Id.* at 2282–86. James also attempts to argue this case as a basis for invalidating his drug possession charge, and we find no basis for this extension. *See* doc. 1, pp. 9–10. To the extent that he would apply it to any sentencing enhancement made in his case, however, we note that the Fifth Circuit has already determined that *Descamps* has not been shown to be retroactively applicable, and that it would not support a claim for relief under the savings clause because it relates only to sentencing issues rather than showing that the petitioner might have been convicted of a nonexistent offense. *In re Jackson*, 776 F.3d 292 (5th Cir. 2015); *Green v. Maiorana*, 600 Fed. App'x 935 (5th Cir. 2015) (unpublished).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE